IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| LEMEKIA WATSON, on behalf of herself, | ) |
| Plaintiff, | ) CIVIL ACTION No.: 20-cv-157 |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| GOLDEN GATE CAPITAL d/b/a RED LOBSTER | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Lemekia Watson ("Plaintiff"), on behalf of herself, brings this action against Defendant Golden Gate Capital d/b/a Red Lobster ("Defendant" or "Red Lobster"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff asserts her FLSA claim as a collective action claim under 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of North Carolina and was an employee of Defendant who worked at Defendant's Red Lobster located in Gastonia, North Carolina from approximately October 2014 to November 2018.

4. Defendant is a California corporation with its corporate office at 1 Embarcadero Center, Suite 3900, San Francisco, CA 94111. Its registered agent is Cogency Global, Inc. located at 1325 J Street, Suite 1550, Sacramento, CA 95814.

5. Defendant is an employer covered by the record keeping, minimum wage, wage payment, and overtime mandates of the FLSA.

## FACTUAL ALLEGATIONS

6. Defendant is a corporation that owns and operates a chain of restaurants in several cities and has employed hundreds, if not thousands, of servers.

7. During the period between approximately October of 2014 to November 2018, Plaintiff was employed as a Server at Defendant's Red Lobster restaurant located at 200 N New Hope Rd, Gastonia, NC 28054.

8. Defendant paid Plaintiff a sub-minimum hourly wage of $2.13, plus any tips earned and paid by restaurant patrons.

9. However, Defendant maintains a company-wide policy and practice which required Plaintiff to spend more than 20% of their work time performing non-tip producing work. Such non-tip producing work includes, but is not limited to, washing walls; cleaning up trash; cleaning the galley; cleaning out salad coolers; rolling silverware; scraping gum off of tables; bussing tables; vacuuming; breaking down the soda machine, tea machine, and coffee machine; breaking down the soup station; breaking down the butter station; and breaking down the dessert station.

10. Defendant paid Plaintiff a sub-minimum hourly wage of $2.13 for time spent performing the non-tip producing work described in paragraph 9. While performing this work, Plaintiff is unable to earn tips from restaurant patrons.

2

11. Defendant utilizes a "tip credit" in the amount of $5.12 for each hour worked by Plaintiff in an effort to satisfy the FLSA's mandate that employees receive a minimum wage of at least $7.25/hour.

12. Defendant required Plaintiff to perform non-tip producing work while they were not serving patrons in the restaurant. This non-tip producing side work was a requirement that Defendant imposed on Plaintiff on a routine basis. Plaintiff estimates that she would spend at least a half hour before her shift, an hour after her shift, and several hours in between on performing non-tip producing work.

13. In the absence of discovery, Plaintiff estimates that she spent an average of approximately 70% of her time each workweek performing non-tip producing work. Thus, Plaintiff routinely spent more than 20% of her time performing non-tip producing work.

14. Upon information and belief, Defendant required its Servers at all of its Waffle House restaurants to spend more than 20% of their time performing non-tip producing work while earning a sub-minimum wage.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. – VIOLATION OF DUAL JOBS PROVISION

15. Plaintiff hereby incorporates all preceding paragraphs.

16. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees a sub- minimum hourly wage and take a "tip credit" against its minimum wage obligations.

17. However, an employer is not permitted to take a tip credit against its minimum wage obligations when it requires its tipped employees to perform non-tip producing work that is **unrelated** to the employee's tipped occupation. *See e.g.*, *Driver v. AppleIllinois, LLC,* 739 F.3d

3

1073, 1075 (7th Cir. 2014) (Posner, J.) (explaining that when tipped employees perform "non-tipped duties" that "are *unrelated* to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work") (emphasis added).

18. Defendant violated the FLSA by requiring Plaintiff to perform non-tip producing work that is *unrelated* to their tipped occupation, such as, *inter alia*, cleaning under tables, sweeping and mopping the floors, washing the walls and windows, cleaning the vents, wiping down the lamps, spraying insect repellant, disassembling, cleaning and reassembling the dish tank, soda, and orange juice machines, bringing ice from the back of house to the front, taking out the trash, and doing dishes.

19. At all times during Plaintiff's employment, Defendant paid them at the sub-minimum hourly wage rate.

20. As a result, Defendant failed and/or refused to pay Plaintiff the full applicable minimum wage as required by the FLSA for each and every workweek they were employed by Defendant, in violation of 29 U.S.C. § 206(a).

21. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such an unrelated non-tipped occupation, would violate federal law and Defendant was aware of the FLSA minimum wage requirements at all relevant times. As such, Defendant's conduct constitutes a willful violation of the FLSA.

22. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT,
## 29 U.S.C. § 201, *et seq*. – VIOLATION OF THE TWENTY PERCENT RULE

23. Plaintiff hereby incorporates all preceding paragraphs.

24. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.

25. However, an employer is not permitted to take a tip credit against its minimum wage obligations when it requires its tipped employees to perform non-tip producing side work that, although *related* to the employee's tipped occupation, exceeds 20% of the employees' time worked during a shift. *See e.g.*, *Fast v. Applebee's Int'l, Inc.,* 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing *related* but nontipped duties should be paid at the full minimum wage for that time").

26. To the extent Plaintiff's non-tip producing work of, for example, cleaning under tables, sweeping and mopping the floors, washing the walls and windows, cleaning the vents, wiping lwdown the lamps, spraying insect repellant, disassembling, cleaning and reassembling the dish tank, soda, and orange juice machines, bringing ice from the back of house to the front, taking out the trash, and doing dishes is found to be *related* to their tipped occupation, Defendant violated the FLSA by requiring Plaintiff to perform this non-tip producing work for more than 20% of their weekly work hours.

27. At all times during Plaintiff's employment, Defendant paid them at the sub-minimum hourly wage rate.

28. As a result, Defendant failed and/or refused to pay Plaintiff the full applicable minimum wage as required by the FLSA for each and every workweek they were employed by Defendant, in violation of 29 U.S.C. § 206(a).

29. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff the full applicable minimum wage, without applying the tip credit, for time spent performing such non-tip producing work for more than 20% of their weekly hours, would violate federal law and Defendant was aware of the FLSA minimum wage requirements at all relevant times. As such, Defendant's conduct constitutes a willful violation of the FLSA.

30. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself, seeks the following relief:

A. All unpaid wages owed;

B. A finding that Defendant's conduct was willful;

C. Prejudgment interest;

D. Liquidated damages;

E. Litigation costs, expenses, and attorneys' fees; and

F. Such other and further relief as this Court deems just and proper.

Date: March 12, 2020                    Respectfully Submitted,

`                                       /s/ Scott Harris_____
                                        Scott Harris
                                        **WHITFIELD BRYSON & MASON LLP**
                                        900 W. Morgan Street
                                        Raleigh, NC 27603
                                        Tel.: (919) 600-5000
                                        Fax: (919) 600-5003
                                        scott@wbmllp.com

                                        Jason S. Rathod, Esq. (D.C. Bar No. 100082)
                                        Nicholas A. Migliaccio, Esq. (D.C. Bar No.484366)
                                        **MIGLIACCIO & RATHOD LLP**
                                        412 H St., NE
                                        Suite 302
                                        Washington, DC 20002
                                        (202) 470-3520 (Tel.)
                                        (202) 800-2730 (Fax)
                                        jrathod@classlawdc.com
                                        nmigliaccio@classlawdc.com

                                        Peter Winebrake*
                                        R. Andrew Santillo*
                                        Mark Gottesfeld*
                                        **WINEBRAKE & SANTILLO, LLC**
                                        715 Twining Road, Suite 211
                                        Dresher, PA 19025
                                        pwinebrake@winebrakelaw.com
                                        asantillo@winebrakelaw.com
                                        mgottesfeld@winebrakelaw.com

*pro hac vice* admission anticipated